# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

JESSIE SUNIGA,

    Plaintiff,

vs.                                                                                                    Civ No. 21cv15 JB/GJF

CURRY COUNTY ADULT DETENTION
CENTER, et al.,

    Defendants.

## SECOND ORDER TO CURE DEFICIENCY

      THIS MATTER is before the Court *sua* sponte under 28 U.S.C. § 1915(a). Plaintiff is a prisoner in state custody asserting 42 U.S.C. § 1983 civil rights claims. (Doc. 1). At the time this case was filed, Plaintiff was incarcerated at the Curry County Adult Detention Center and had not paid the filing fee or submitted an application to proceed *in forma pauperis* in District Court. (Doc. 1).

      On January 7, 2021, the Court entered an Order to Cure Deficiencies directing Plaintiff to either pay the filing fee or submit an application to proceed in District Court under § 1915(a) within 30 days. (Doc. 3). The Court also sent Plaintiff a form Application to Proceed with the Court's Order to Cure Deficiencies. (Doc. 3). The copy of the Court's January 7, 2021 Order sent to Plaintiff's address of record was returned as undeliverable on January 19, 2021. (Doc. 4). Plaintiff Suniga did not pay the filing fee, submit an application to proceed, or respond to the Court's Order to Cure Deficiencies within the 30-day time period.

      Plaintiff Suniga also did not notify the Court of any change in his address as required by D.N.M. LR-Civ. 83.6. Instead, two months later on March 10, 2021, Plaintiff submitted a partial form Prisoner's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915, rather than

1

submitting the form Application to Proceed supplied by the Court. (Doc. 5). The filing includes the first page of the form Prisoner's Motion but does not contain any signature. (Doc. 5). The filing also attaches an inmate account statement from Central New Mexico Correctional Facility, but not one from the Curry County Adult Detention Center. The envelope also has a return address for the Central New Mexico Correctional Facility. (Doc. 5).

Section 1915(a) provides:

> "any court of the United States may authorize the commencement . . . of any suit . . . civil or criminal . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefore. The affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(1). The statute also states:

> "[a] prisoner seeking to bring a civil action . . . without prepayment of fees or security therefore, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."

28 U.S.C. § 1915(a)(2). The single page of the form submitted by Plaintiff does not contain all of the required information or a sworn signature necessary to comply with the affidavit requirement of § 1915(a)(1). Nor does the three-month inmate account statement provided for the Central New Mexico Correctional Facility comply with the § 1915(a)(2) requirement of an account statement for "each prison at which the prisoner is or was confined" during the preceding six months. 28 U.S.C. § 1915(a)(2).

Plaintiff must cure the deficiencies in his submission within 30 days of entry of this Order by submitting a complete application to proceed under § 1915 that contains all of the information and a sworn signature as required by Section 1915(a)(1) and by submitting an inmate account

statement for each institution where Plaintiff was incarcerated during the six months preceding filing of the case as required by Section 1915(a)(2). If Plaintiff fails to cure these deficiencies within 30 days, the Court may dismiss this proceeding without further notice. Plaintiff is also notified that the must keep the Court advised of his correct mailing address as provided in D.N.M. LR-Civ. 83.6. Failure to notify the Court of a change in address may also result in dismissal of the case without further notice.

**IT IS ORDERED** that Plaintiff cure the identified deficiencies within 30 days of entry of this Order or show cause why he should be excused from compliance with the § 1915(a) requirements. The Clerk of the Court is **DIRECTED** to again send Plaintiff a form application to proceed in District Court without prepayment of fees or costs together with a copy of this Order.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE