**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JESSIE SUNIGA,

Plaintiff,

vs. No. CIV 21-0015 JB/GJF

CURRY COUNTY DETENTION CENTER
and MARK GALLEGOS,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Plaintiff Jessie Suniga's failure to prosecute his amended Prisoner's Civil Rights Complaint, filed March 10, 2021 (Doc. 6)("Amended Complaint"). The Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Suniga to notify the Court in writing of his address within thirty days after he severed contact with the Court. See Order to Show Cause, filed December 6, 2022 (Doc. 12). Because Suniga has not responded, the Court, having reviewed applicable law and the record, will dismiss the Amended Complaint without prejudice.

**PROCEDURAL BACKGROUND**

Suniga commenced this action on January 6, 2021, by filing a handwritten letter regarding the conditions of his confinement at the Curry County Detention Center in Clovis, New Mexico. See Letter from Jessie Suniga to the United States District Court, District of New Mexico, Office of the Clerk (dated January 4, 2021), filed January 6, 2021 (Doc. 1)("Letter"). The Court referred the matter to Magistrate Judge Fouratt for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed January 6, 2021

(Doc. 2). In an Order to Cure Deficiencies at 1-2, filed January 7, 2021 (Doc. 3)("First Cure Order"), Magistrate Judge Fouratt determines that: (i) the Letter did not allege expressly a violation of any constitutional right; (ii) it was not in a proper form to present a claim under 42 U.S.C. § 1983; (iii) Suniga had not signed the Letter; and (iv) Suniga did not include a filing fee payment or a motion to proceed in forma pauperis under 28 U.S.C. § 1915. See First Cure Order at 1-2. In the First Cure Order, Magistrate Judge Fouratt orders Suniga to cure these deficiencies within thirty days by filing an amended complaint, and by either paying the filing fee or applying to proceed under 28 U.S.C. § 1915. See First Cure Order at 2. The First Cure Order was returned as undeliverable, and Suniga did not provide the Court an updated address.

Two months later, on March 10, 2021, Suniga filed the Amended Complaint and submitted a Prisoner's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 5)("First IFP Motion"). In a Second Order to Cure Deficiency, entered July 6, 2021 (Doc. 7)("Second Cure Order"), Magistrate Judge Fouratt notes deficiencies in the First IFP Motion and gives Suniga thirty days to file a proper § 1915 application. See Second Cure Order at 3. Based on the envelope's return address and the documents that Suniga attached to the First IFP Motion, it appears that Suniga was relocated to the Central New Mexico Correctional Facility in Los Lunas, New Mexico, although he did not update his address with the Court. See Second Cure Order at 1-3. At the same time, however, his Amended Complaint lists a residential address in Clovis, New Mexico. See Amended Complaint at 1. In the Second Cure Order, Magistrate Judge Fouratt warns Suniga that failure to notify the Court of a change in address could result in dismissal of the case without further notice. See Second Cure Order at 3. By the time Magistrate Judge Fouratt entered the Second Cure Order, Suniga had been relocated to the Penitentiary of New

Mexico, although, again, he had not updated his address -- leaving it to the Court to determine his whereabouts. See July 7, 2021, Docket Entry (text only).

On July 23, 2021, Suniga properly sought to proceed in forma pauperis by filing an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8)("Second IFP Motion"). Magistrate Judge Fouratt granted the Second IFP Motion on August 11, 2021. See Order Granting leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 10)("IFP Order"). In the IFP Order, Magistrate Judge Fouratt holds that Suniga can proceed without prepaying fees or costs, and further orders that he must file monthly financial certificates and make monthly payments of twenty percent of the preceding month's income. See IFP Order at 1. On August 30, 2021, the mail was returned, with the return envelope including a handwritten "forward to" address for a private residence in Clovis. See Returned Mail at 1, filed August 30, 2021 (Doc. 11). The Clerk's Office re-sent the IFP Order to the "forward to" residential address on August 30, 2021. See August 30, 2021, Docket Entry accompanying Returned Mail.

In the ensuing months, Suniga did not update his address as rule 83.6 of the Local Civil Rules of the United States District Court for the District of New Mexico requires. See D.N.M.LR-Civ. 83.6 ("All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses."). Nor did he comply with Magistrate Judge Fouratt's IFP Order by filing monthly financial certificates and/or making monthly payments. Further, the "forward to" address on the Returned Mail is different from the residential address on Suniga's Amended Complaint. Compare Amended Complaint at 1, with Returned Mail at 1. Owing to these discrepancies and failures, Magistrate Judge Fouratt entered an Order to Show Cause, directing Suniga to notify the Court in writing of his address within thirty days.

See Order to Show Cause at 2. Suniga has not responded to the Order to Show Cause, nor has he complied with Magistrate Judge Fouratt's IFP Order by filing monthly financial certificates. He has severed contact with the Court and does not intend to prosecute this case.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a

significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162.

> "[T]hese criteria include: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'"

Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204 (quoting Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994))).

Here, Suniga is no longer in custody, he has not provided an updated address, and he has not complied with Magistrate Judge Fouratt's orders. The Court, therefore, will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, the Court will dismiss this case without prejudice.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner's Civil Rights Complaint, filed March 10, 2021 (Doc. 6), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this case.

UNITED STATES DISTRICT JUDGE

*Parties:*

Jessie Suniga
Clovis, New Mexico

*Plaintiff pro se*